Chelsea P. Pyasetskyy, OSB No. 136450
Chelsea@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

Scott J. Street (*pro hac vice* forthcoming)
sstreet@jwhowardattorneys.com
JW Howard/Attorneys, Ltd.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Telephone: (213) 205-2800

*Attorneys for Plaintiff Jamaal Galloway*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| JAMAAL GALLOWAY,<br><br>        Plaintiff,<br><br>vs.<br><br>NIKE, INC.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL REQUESTED** |

COMPLAINT - Page 1                                                                                   2022-180

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

Plaintiff Jamaal Galloway alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Mr. Galloway is an individual who resides in Jersey City, New Jersey.

2. Defendant NIKE, Inc., is a corporation organized under Delaware law and which has its principal place of business in Beaverton, Oregon.

3. This Court has jurisdiction under 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) as NIKE resides in this judicial district and because the facts that gave rise to the Complaint occurred here.

## FACTUAL ALLEGATIONS

5. Mr. Galloway previously worked for NIKE. He worked at NIKE Corporate Headquarters in Beaverton. He spent nearly five years working there.

6. Until the COVID-19 pandemic, Mr. Galloway was a highly successful employee. He served in a creative role and collaborated directly with Nike athletes, including Davante Adams, Giannis Antetokounmpo and Lebron James. Then he got caught up in the political battle over COVID vaccination.

7. During the summer of 2021, some employers, including Google, Walmart and The Walt Disney Company, required that their employees take one of the COVID-19 vaccines developed by Pfizer, Moderna and Johnson & Johnson. Some government employers also ordered that their employees get one of the shots. They did so because, at the time, public health officials said the vaccines would prevent people from being infected with, or spreading, COVID-19. President Joe Biden made that especially clear when he said in a July 2021 town hall: "You're not going to get COVID if you have these vaccinations."

8. By October 2021, though, that statement had been proven false. In fact, the head of the Centers for Disease Control admitted during an August 2021 interview that the vaccinated could contract and spread COVID-19. Many did.

9. Thus, by the fall of 2021, the message had changed. Getting the vaccine would not

COMPLAINT - Page 2                                                                                                         2022-180

prevent people from contracting or spreading COVID-19 but it might protect them from severe illness or death.

10. That is what NIKE knew when it issued its mandatory COVID vaccine policy on October 9, 2021. The policy was unprecedented. NIKE had never required that individuals get a shot as a requirement for employment. It never even inquired about such private medical information before the COVID-19 pandemic, recognizing that state and federal laws prohibit employers from conditioning employment on medical conformity. A true and correct copy of the NIKE policy is attached as **Exhibit "A."**

11. On information and belief, NIKE adopted its COVID vaccine policy due to political pressure, including pressure from some employees at its corporate headquarters in Beaverton who viewed COVID vaccination as a sign of one's political views. In fact, even though NIKE has since rescinded the vaccine policy, more than two-thirds of employees at the Beaverton headquarters wanted to keep it and some have attacked the company on social media for rescinding the policy.

12. This political pressure was further reflected in the way NIKE implemented the vaccine policy. For example, it demanded nearly universal vaccination at the Beaverton headquarters—in response to the social media mob there—but it did not apply the policy at all in nearby distribution and manufacturing offices or in its retail stores. It refused to accommodate religious and medical accommodations for people who worked at the Beaverton headquarters—even people who had been working remotely and could have continued to do so—while liberally granting them for people who worked outside the main campus.

13. Mr. Galloway was one of the Beaverton-based employees who was denied a religious accommodation. In his request, Mr. Galloway described his religious beliefs as having "evolved from Christianity to the essence of Spirituality." He said "[i]n this Spiritual practice, my belief is to not put unnatural substances such as vaccinations that harm my body/DNA in the long term." He identified reasonable accommodations which would have allowed him to continue working for NIKE while remaining unvaccinated, as he had done before and as many others at NIKE were doing as of January

COMPLAINT - Page 3                                                                                                                2022-180

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

1, 2022.

14.     NIKE denied his request. (A true and correct copy of it is attached as **Exhibit "B."**) It did so without making any effort to determine whether it could accommodate his religious objection to vaccination without undue burden. Clearly it could have, as Mr. Galloway offered to work remotely and said he would wear a mask (and test again) when he came to the NIKE campus. None of those accommodations would have caused NIKE to suffer an undue burden.

15.     NIKE denied Mr. Galloway's request because it said the information he provided "did not establish you hold a religious belief, practice or observance that would prevent you from complying with the Policy's requirement to be fully vaccinated against COVID-19." Thus, contrary to established law, including EEOC guidance and NIKE's own policies, NIKE placed the burden of proving his "religiousness" on Mr. Galloway. Contrary to established law, NIKE deemed non-traditional religious views, including those held by Mr. Galloway, as inferior to the views held by traditional religions (like Judaism and Catholicism). Contrary to established law, NIKE disregarded the fact that moral and ethical beliefs as to what is right and wrong, which are sincerely held with the strength of traditional religious views, are also protected, especially when they arise from traditional religious teaching and involve essential questions about human spirituality.

16.     These actions violated NIKE's obligation to accommodate Mr. Galloway's views and constituted discrimination based on religion.

17.     Of course, Mr. Galloway should not have needed accommodation in the first place. NIKE does not have the power to make COVID vaccination a requirement for every job. Having an injection inside one's body has no bearing on the tasks that he performed for the company. And since the COVID shots do not prevent infection or transmission—something NIKE has acknowledged—it cannot plausibly claim that unvaccinated employees pose a direct threat to their co-workers.

18.     NIKE viewed its un-vaccinated employees as having inferior immune systems. They did not protect themselves as well as their vaccinated colleagues and thus might have gotten sicker, and been unable to work, if they got infected with the COVID virus. That is a perceived physical

COMPLAINT - Page 4                                                                                                              2022-180

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

disability protected from discrimination. It is no different than other perceived health-related disabilities that have been protected over the years, including obesity and HIV, which the Equal Employment Opportunity Commission has litigated aggressively.

19. To the extent NIKE adopted its vaccine policy to prevent the spread of COVID-19 in the workplace, its policy was ineffective, as hundreds of fully vaccinated employees contracted COVID-19. Many got seriously ill and had to take time off work. That is why NIKE rescinded the vaccine policy in October 2022—a few months too late for Mr. Galloway and the other employees NIKE fired.

20. That is unjust. Mr. Galloway complied with generally applicable rules related to COVID-19. He would have continued to do those things, whether testing, working remotely or wearing a mask in certain settings. Instead, he lost his job and had to start over. He brings this action to hold NIKE accountable for its actions. He received a right to sue letter from the EEOC.

## FIRST CLAIM FOR RELIEF

### Violation of Americans with Disabilities Act

21. Mr. Galloway incorporates paragraphs 1 through 20 of this Complaint as though set forth fully herein.

22. Title VII of the Civil Rights Act of 1964, combined with the Americans with Disabilities Act ("ADA"), prohibits discrimination in the workplace based on an actual or perceived disability. The EEOC has interpreted these rules to include protection for an immunological condition.

23. Mr. Galloway worked for NIKE. He did not have the COVID-19 vaccine in his body and declined to take it due to his religious/spiritual beliefs. NIKE viewed him as having a physical condition—a lack of protection against COVID-19—that NIKE believed would impair his ability to continue working for the company.

24. Mr. Galloway was a qualified individual with a perceived disability in that he could perform the essential functions of his job with or without reasonable accommodation. He had the required skill, experience, and education. Indeed, he had been performing his job to NIKE's

COMPLAINT - Page 5                                                                                                    2022-180

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

satisfaction.

25. NIKE knew about Mr. Galloway's condition and his desire for reasonable accommodation, such as masking and testing and remote work, none of which would have posed an undue burden for NIKE. (In fact, NIKE has allowed some employees to work remotely indefinitely, regardless of their vaccination status.) It refused to consider those possible accommodations and fired him because it regarded him as having a physical impairment by not being vaccinated against COVID-19.

26. As a result of NIKE's actions, Mr. Galloway suffered damages in an amount to be proven at trial and which exceeds $75,000. These damages include both financial damages associated with the loss of employment and need to seek other employment and the emotional harm suffered (such as mental anguish, inconvenience, or loss of enjoyment of life). NIKE's actions were the actual and proximate cause of those damages.

27. NIKE acted with malice or reckless indifference to Mr. Galloway's rights, justifying an award of punitive damages.

28. Mr. Galloway should also recover his costs and legal fees.

**SECOND CLAIM FOR RELIEF**

**Violation of Title VII of Civil Rights Act (Failure to Accommodate)**

29. Mr. Galloway incorporates paragraphs 1 through 20 of this Complaint as though set forth fully herein.

30. Title VII of the Civil Rights Act of 1964 forbids an employer from firing someone because of a conflict between the person's religious belief or observance and an employment requirement.

31. Mr. Galloway worked for NIKE. He is a Christian, although his religious beliefs have evolved from Christianity to the essence of Spirituality. He believes that injecting a vaccine into his body would defile the divine spiritual nature of the body that God gave him. He believes vaccination is contrary to God's will.

COMPLAINT - Page 6                                                                                                        2022-180

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

32. Mr. Galloway's sincerely held objection to vaccination conflicted with a stated job requirement (mandatory COVID vaccination). NIKE was aware of this conflict but did not explore any available reasonable alternatives for accommodating Mr. Galloway's beliefs and it refused to consider the accommodations he proposed, including frequent testing, masking and remote work, none of which would have imposed a substantial burden on NIKE.

33. As a result of NIKE's actions, Mr. Galloway was denied accommodation that he was entitled to under the law, and he was fired.

34. As a result of NIKE's actions, Mr. Galloway suffered damages in an amount to be proven at trial, including economic damages and damages related to the emotional harm suffered (such as mental anguish, inconvenience, or loss of enjoyment of life). NIKE's actions were the actual and proximate cause of those damages.

35. NIKE acted with malice or reckless indifference to Mr. Galloway's rights. Indeed, in refusing to accommodate his religious objection to vaccination, NIKE violated its own policies and procedures, justifying an award of punitive damages.

36. Mr. Galloway should also recover his costs and legal fees.

### THIRD CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act (Disparate Treatment)**

37. Mr. Galloway incorporates paragraphs 1 through 20 of this Complaint as though set forth fully herein.

38. Mr. Galloway was denied reasonable accommodation for his religious practices, and was fired, by NIKE, as alleged above.

39. NIKE denied Mr. Galloway an accommodation because of his religion, the essence of Spirituality as derived from his original Christian faith. It did that despite granting accommodations for many other religions, including those it viewed as "traditional" religions (such as Catholicism and Christian Science) and granting requests for accommodations that involved politically sensitive topics like the vaccines' use of fetal cell lines.

COMPLAINT - Page 7                                                                                                          2022-180

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

40. Mr. Galloway was qualified for his job at NIKE and had performed it to NIKE's satisfaction.

41. Similarly situated individuals outside of Mr. Galloway's faith worked at NIKE and NIKE accommodated their religious objection to vaccination. For example, on information and belief, NIKE granted all accommodation requests from employees whose religions reject all medicine. NIKE even granted accommodations to people who mentioned the COVID vaccines' use of fetal cell lines in their accommodation requests.

42. As a result of NIKE's actions, Mr. Galloway suffered damages in an amount to be proven at trial, including economic damages and damages related to the emotional harm suffered (such as mental anguish, inconvenience, or loss of enjoyment of life). NIKE's actions were the actual and proximate cause of those damages.

43. NIKE acted with malice or reckless indifference to Mr. Galloway's rights. Indeed, in refusing to accommodate his religious objection to vaccination, NIKE violated its own policies and procedures, justifying an award of punitive damages.

44. Mr. Galloway should also recover his costs and legal fees.

DATED this 13th day of June 2023

THENELL LAW GROUP, P.C.

By:   /s/ Chelsea P. Pyasetskyy
Chelsea P. Pyasetskyy, OSB No. 136450
E-mail: chelsea@thenelllawgroup.com
Telephone: (503) 372-6450

Scott J. Street (*pro hac vice* forthcoming) JW Howard/ Attorneys, Ltd.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
E-mail:  sstreet@jwhowardattorneys.com
Telephone: (213) 205-2800
*Attorneys for Plaintiff Jamaal Galloway*

COMPLAINT - Page 8                                                                                   2022-180

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

# EXHIBIT "A"



Nike HR

Search HR

← Back

COVID-19 Vaccination Policy – U.S. Employees

# Purpose

NIKE, Inc. is committed to maintaining a safe and healthy workplace, including by requiring our United States (U.S.) employees and applicants to be fully vaccinated against COVID-19 in order to enter an Office and/or enjoy the amenities of any NIKE Office in the U.S., as set forth in this COVID-19 Vaccination Policy.

# Applicability

This Policy applies to all NIKE employees and applicants whose principal work location is or will be in the U.S.

# Policy

Consistent with public health guidance, NIKE is requiring all employees whose roles require they report to an Office to be fully vaccinated against COVID-19. Under this Policy, an Office includes all Headquarters, N.A. U.S. Corporate Campuses, Showrooms, Studios and any other location (or subset of a location) that NIKE has defined as an Office, in its sole discretion. To be clear, where applicable, an Office includes the entire campus, including all buildings and amenities (e.g., gyms, cafeterias). All employees in the remote work approach or who have a remote-only arrangement must comply with, and are covered by, this Policy. In addition, all employees – including those with roles that are not performed at an Office – are required to be fully vaccinated in order to attend meetings, events, or to enjoy the amenities at or on any Office. As detailed below, NIKE will provide an exemption to this

Exhibit 2
Page 1 of 6

vaccination requirement as required by law.

In accordance with the guidance from the Centers for Disease Control and Prevention (CDC), individuals who receive(d) a COVID-19 vaccine in the U.S. are currently considered "fully vaccinated" 14 days after receiving: (a) the second dose of a two-dose COVID-19 vaccine regimen (e.g., Pfizer or Moderna); or (b) a single dose of a one-dose vaccine regimen (e.g., Johnson & Johnson/Janssen). For individuals who receive(d) a vaccination outside the U.S., they will be considered "fully vaccinated" in accordance with the definition of the relevant public health authority.[1]

All individuals covered by this Policy shall confirm their vaccination status to NIKE's third-party vaccine reporting vendor by providing all necessary information required by them, in accordance with this Policy and subject to applicable law. Such vendor will relay to NIKE who meets the requirements of this Policy and/or provide information necessary for NIKE to make that determination. NIKE will maintain the confidentiality of this information to the fullest extent possible. Individuals within NIKE will use this information only as needed to implement and enforce this policy, as well as for legal and compliance purposes. For example, the information collected will be used to support whether an employee or applicant is permitted access to an Office, including amenities in or on such location. Any information obtained by, or on behalf of, NIKE will be maintained in accordance with applicable law and will not be included in an individual's personnel file or considered in the application process. This information shall only be stored for as long as needed to implement and enforce this Policy, or as required by law, whichever is longer.

Individuals covered by this Policy who are not fully vaccinated will not be permitted to enter an Office, unless approved in writing by NIKE for a reasonable accommodation, as described below, or are otherwise exempted under applicable law.  Employees who enter an Office, who are not vaccinated and do not have an approved accommodation or other exemption under the law, may be subject to discipline, up to and including termination of employment.  Any employee who attempts to falsify, falsifies or otherwise misrepresents that they are fully vaccinated – or, who enters an Office that requires vaccination when they do not meet the definition of "fully vaccinated" and do not have an approved accommodation, or fail to follow the terms of their approved accommodation or exemption - may be subject to discipline, up to and including termination of employment.

# Accommodation Requests

Pursuant to applicable law, an individual who is not vaccinated because of a medical condition[2] or sincerely held religious belief, practice or observance or any other reason under applicable law may be exempt from the Policy's requirement to be fully vaccinated,

**Exhibit 2**
**Page 2 of 6**

provided there is a reasonable accommodation that would enable the individual to perform the essential functions of their job, and that such accommodation would not cause an undue hardship to NIKE or pose a direct threat to the health or safety of others in the workplace. NIKE will also provide exemptions to this vaccination requirement as required by law.

An individual who seeks an accommodation or exemption should complete the COVID-19 Vaccination Policy Accommodation Request Form. In order to have sufficient time to assess the request for accommodation or exemption – including engaging in the interactive process

and cooperative dialogue – and to determine what, if any, reasonable accommodation(s) may be appropriate, employees are encouraged to request an accommodation/exemption at least 45 days in advance of when they intend, or are required, to enter into an Office or their start date, whichever is earlier. If an individual is unable to provide such advance notice, then notice should be provided as soon as practicable. For more information on NIKE's accommodation process, please review the Disability and Accommodation Policy and the Religious Accommodation Supplement. If you cannot access the forms above, please contact HR Direct at 503-532-3402 or 888-360-6453.

## Vaccination Paid Time Off

If you are scheduled to receive a vaccine during working hours, NIKE will provide the time and flexibility you need – up to four hours per vaccine dose, unless otherwise required by law. If you experience side effects from receiving the COVID-19 vaccine and are unable to work, you may be eligible for paid sick leave under the Temporary COVID-19 Sick Leave Policy (CSL) or applicable law. If you need more information on paid time off that may be available to you, please contact HR Direct at 503-532-3402 or 888-360-6453.

## Other

Because public health guidelines and best practices regarding COVID-19 and COVID-19 vaccines are changing rapidly as new information becomes available and further research is conducted, NIKE reserves the right to modify this Policy at any time, in its sole discretion, to adapt to changing circumstances and business needs, consistent with its commitment to maintaining a safe and healthy workplace. This could include, for example, that individuals covered by this Policy may be required to receive vaccine boosters to be considered "fully vaccinated." In addition, in the event of a conflict between this Policy and applicable law, the law will control and be followed.

Exhibit 2
Page 3 of 6

Failure to comply with this Policy, including non-compliance with any accommodation or exemption provided, may result in discipline, up to and including termination of employment. NIKE prohibits any form of discipline, reprisal, intimidation, or retaliation for reporting a violation of this Policy or any other health and safety concern. Nothing in this Policy alters an employee s at-will employment status with NIKE.

# Resources

- COVID-19 Vaccination Policy Medical Condition Accommodation Form
- COVID-19 Vaccination Policy Religious Accommodation Form
- Disability and Accommodation Policy
- Religious Accommodation Supplement
- COVID-19 Vaccination Policy FAQ
- Temporary COVID-19 Sick Leave Policy (CSL)

# Contact

If you have any questions about this Policy or its application, please contact HR Direct at 503-532-3402 or 888-360-6453, who can direct you to the appropriate NIKE team.

For questions or guidance about workplace accommodations, please contact HR Direct.

# COVID-19 Vaccination Policy Addendum: CA, IL & MA

As required by applicable law, on or after the Effective Date of NIKE s COVID-19 Vaccination Policy, NIKE will reimburse employees and applicants in California, Illinois, and Massachusetts for any reasonable administration fees (e.g., cost of vaccine, co-pay) and reasonable transportation costs to and from the vaccine site (e.g., cost of public transportation, mileage, parking), incurred in connection with obtaining their COVID-19 vaccine(s) in accordance with NIKE s Travel and Entertainment Policy. For more information on NIKE s expense reimbursement process, please review NIKE s Travel and Entertainment

**Exhibit 2**
**Page 4 of 6**

Policy.

If you have any questions about requesting reimbursement, this Addendum or its application, please contact HR Direct at 503-532-3402 or 888-360-6453, who can direct you to the appropriate NIKE team.

# Resources

- COVID-19 Vaccination Policy (above)
- Travel and Entertainment Policy

---

[1] To be acceptable under this standard, a vaccine must either be approved or authorized for emergency use by the U.S. Food and Drug Administration (FDA), or listed for emergency use by the World Health Organization (WHO).

[2] A medical condition includes, but is not limited to: a disability; where the vaccine is medically contraindicated for an individual; or, when medical necessity requires a delay in vaccination.

Was this helpful? 👍 👎

## Page Details

🔗 Copy Permalink

📍 United States

📖 KB0040294

**Exhibit 2**
**Page 5 of 6**

Can't find what you're looking for?

Contact HR Direct

Speak Up

HR Website Privacy Policy

HR Website Help

Contact HR Direct

© 2021 NIKE, Inc. All Rights Reserved

**Exhibit 2**
**Page 6 of 6**

# EXHIBIT "B"

# Denial of Religious Accommodation (COVID-19 Vaccination Policy)

 **HR Direct <niketech@service-now.com>**  Today at 8:59 AM
To:  JAMGALLOWAY2@GMAIL.COM;  Galloway, Jamaal


Jamaal Galloway - R...
108.8 KB

Download All • Preview All

Dear Jamaal,

NIKE has reviewed your request for an exception to our COVID-19 Vaccination Policy as an accommodation of your religious belief. The information provided by you did not establish you hold a religious belief, practice or observance that would prevent you from complying with the Policy's requirement to be fully vaccinated against COVID-19. For this reason we are denying your request for religious accommodation. I want to assure you that the information you submitted was considered carefully and we did not make this decision lightly.  This ends the review process for this request.

Your employment will be terminated effective January 15, 2022.

Sincerely,

Nike HR


Ref:MSG105779965